UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ADCOCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT BURTON,<br><br>　　　　　Defendant. | No. 2:20-cv-0035 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

1   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6   The Civil Rights Act

7       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

11   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13   Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

14   liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

15   affirmative link between the incidents of police misconduct and the adoption of any plan or policy

16   demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

17   to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

18   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

19   legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

20   588 F.2d 740, 743 (9th Cir. 1978).

21       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

22   their employees under a theory of respondeat superior and, therefore, when a named defendant

23   holds a supervisorial position, the causal link between him and the claimed constitutional

24   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

25   (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

26   438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

27   denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

28   official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's Allegations

Plaintiff alleges that while he was housed at Deuel Vocational Institution ("DVI"), the living conditions were unsanitary and hazardous to his health in violation of the Eighth Amendment. From September 2, 2019, he was deprived of hot water to his cell and to showers due to another breakdown of the boiler. Plaintiff alleges he was not given three showers per week, his cell was infested with roaches, and he had "no windows during some very cold fall nights." (ECF No. 1 at 4.) Plaintiff names the warden of DVI as the sole defendant.

Discussion

First, plaintiff names only the warden as a defendant. Plaintiff includes no charging allegations as to the warden's personal involvement or connection with the allegations. Plaintiff is advised that this is insufficient to state a cognizable claim against the warden. Ivey, 673 F.2d at 268. Plaintiff names no other individual responsible for the alleged violations, and includes no facts demonstrating a particular individual was deliberately indifferent to a substantial risk of harm to plaintiff.

Second, as discussed below, plaintiff's claims are too vague and conclusory to determine whether he can state a potentially colorable Eighth Amendment claim based on the alleged conditions of his confinement.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts

sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

"The occasional presence of a rodent is insufficient to establish the objective component of an Eighth Amendment claim, which requires that a deprivation be sufficiently serious," Jackson v. Walker, 2009 WL 1743639 at *8 (E.D. Cal. 2009) (citation omitted); Johnson v. Sherman, 2019 WL 3318526 (E.D. Cal. July 24, 2019) (insufficient allegation of injury where inmate claimed he saw roaches climbing up walls and on one occasion, leaking water dropped on his food; generalized allegations concerning prison conditions insufficient to demonstrate Article III case or controversy). However, "a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995); see also Lewis, 217 F.3d at 731-32; Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985).

Plaintiff's claim concerning roaches appears unavailing. In the grievance appended to his complaint, plaintiff alleged that he had "spotted roaches on a few occasions in and near the cell." (ECF No. 1 at 10.) Plaintiff's grievance was granted; on November 6, 2019, pest control performed a spot treatment in cell WH-216. (ECF No. 1 at 11.) Thus, plaintiff's allegation concerning roaches does not appear to be a severe or prolonged infestation that would rise to the level of an Eighth Amendment violation. Absent facts not alleged here, plaintiff should not renew this claim in any amended complaint.

Turning to the lack of hot water, it is unclear whether plaintiff can state a potentially cognizable claim. Although excessively or prolonged unsanitary conditions in a prison have been found to be unconstitutional, plaintiff's allegations do not so demonstrate. Conditions of an unsanitary cell are not unconstitutional where there is no showing of a risk of physical harm

caused by the unsanitary conditions, and where the alleged unsanitary conditions were not severe and prolonged.  Anderson, 45 F.3d at 1314 ("lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.")  Generally, the short-term failure to provide hot water does not violate the Eighth Amendment.  Cf. Lopez v. Robinson, 914 F.2d 486, 492 (4th Cir. 1990) (finding no clearly established, sufficiently contoured, right to hot showers in prison).  Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment.  Hudson, 503 U.S. at 8-9 ("extreme deprivations are required to make out a conditions-of-confinement claim").

Plaintiff has failed to allege the sanitation in his cell at DVI caused him any physical harm or was prolonged enough to constitute an extreme deprivation.  While plaintiff claims he was without hot water from September 2, 2019, he fails to allege when the hot water was restored.  The first level appeal response indicated that steam was restored to DVI on October 2, 2019 (ECF No. 1 at 11), but such statement was made in connection to the heaters in the cell.  The appeal response simply states that DVI inmates have access to tempered water for showers, and hot water for cooking and cleaning.  (Id.)  Moreover, as mentioned above, plaintiff fails to identify an individual who was aware of the lack of hot water, yet disregarded a substantial risk of harm to plaintiff by failing to restore hot water.  Plaintiff's claim concerning hot water is dismissed with leave to amend.

As for plaintiff's claim concerning the restriction on the number of showers he could take per week, plaintiff does not set forth the number of days he was not allowed to shower.  Thus, the undersigned cannot determine whether plaintiff stated a potentially colorable claim for relief.  However, plaintiff is advised that there is no constitutional right to a certain number of showers per week, and the occasional or temporary deprivation of a shower does not rise to the level of a constitutional violation.  See, e.g., McFarland v. Kullojka, 2019 WL 937237, at *5 (W.D. Washington, Jan. 30, 2019) (finding that a prisoner's deprivation of showers for eight days is upsetting but is not "sufficiently serious to implicate Eighth Amendment concerns."); Hernandez v. Olmos, 2013 WL 5718566, at *3 (E.D. Cal. Oct. 18, 2013), adopted by 2013 WL 6230269 (E.D. Cal. Dec. 2, 2013) ("[S]hort term denials of showers is not the type of deprivation that rises

to the level of an Eighth Amendment violation."); Centeno v. Wilson, 2011 WL 836747, at *3 (E.D. Cal. Mar. 4, 2011) (concluding denial of showers for a prisoner for seven days is "not so extreme as to violate contemporary standards of decency and rise to the level of a constitutional deprivation."). Plaintiff's claim that he was denied access to showers is dismissed with leave to amend.

For all of the above reasons, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo, 423 U.S. at 371. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez

v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  June 10, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/adco0035.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ADCOCK,<br><br>            Plaintiff,<br><br>      v.<br><br>ROBERT BURTON,<br><br>            Defendant. | No. 2:20-cv-0035 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____        Amended Complaint

                                                                                              _____
                                                                                              Plaintiff